IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
SCRANTON DIVISION

MATTHEW URONIS, for himself and
on behalf of those similarly situated,

    Plaintiff,

vs.

CABOT OIL & GAS CORPORATION a
Texas Corporation, and GASSEARCH
DRILLING SERVICES
CORPORATION, a West Virginia
Corporation and subsidiary of Cabot Oil
& Gas Corporation,

    Defendants.
_____/

CASE NO.:

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, MATTHEW URONIS ("Plaintiff"), by and through his undersigned counsel, and files this Complaint against Defendants, CABOT OIL & GAS CORPORATION a Texas Corporation, ("CABOT"), and GASSEARCH DRILLING SERVICES CORPORATION, a West Virginia Corporation, ("GDS") (collectively "Defendants"), to recover from Defendants damages suffered due to retaliation prohibited under 29 U.S.C. § 215(a)(3), and states as follows:

**NATURE OF THE ACTION**

1.    Jurisdiction in this forum is proper as this is a claim for unlawful

1

retaliation brought pursuant to the Fair Labor Standards Act, as amended ("FLSA"), 29 U.S.C. §215(a)(3) to recover lost wages, liquidated damages, front pay, compensatory damages and punitive damages; and to recover reasonable attorneys' fees and costs.

## JURISDICTION

2. Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA to recover lost wages, liquidated damages, front pay, compensatory damages and punitive damages; and to recover reasonable attorneys' fees and costs.

3. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §215(a)(3) and §216(b).

4. Venue in this Court is proper, as the acts and omissions alleged in this Complaint took place in this judicial district, and Defendants regularly conduct business in this judicial district.

## PARTIES

5. At all times material hereto, Plaintiff MATTHEW URONIS was and continues to be a resident of Luzerne County, Pennsylvania.

6. Plaintiff is a putative collective member in Case No. 3:19-cv-00308-MEM, *Messenger v. Cabot Oil & Gas Corp., et al.*

7. At all times material hereto, CABOT was and continues to be a corporation organized and existing under and by virtue of the laws of the State of Delaware with its principal offices and place of business in Houston Texas. CABOT regularly conducts business in Pennsylvania. CABOT has a district office in Susquehanna County at 8207 S.R. 29, Montrose PA 18801, as well as a regional office in Pittsburgh.

8. CABOT is currently listed with the Delaware Department of State as an "Active" business. See Corporation search results for CABOT attached hereto as Exhibit A.

9. GDS is currently listed with the West Virginia Department of State, Division of Corporations, as an "Active" business. See Corporation search results for GasSearch Drilling Services Corporation attached hereto as Exhibit B.

10. GDS is based in Montrose, Pennsylvania.

11. GDS is a subsidiary of CABOT. See excerpt of GDS website www.gassearchdrilling.com, attached hereto as Exhibit C.

12. At all times material hereto, Plaintiff sought to be an "employee" of Defendant GDS within the meaning of the FLSA.

13. At all times material hereto, Defendants were "employers" within the meaning of the FLSA.

14. At all times material hereto, CABOT was, and continues to be, "an enterprise engaged in commerce," and an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commence by any person" within the meaning of the FLSA.

15. At all times material hereto, GDS was, and continues to be, "an enterprise engaged in commerce," and an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commence by any person" within the meaning of the FLSA.

16. Based upon information and belief, the annual gross revenue of Defendant CABOT is in excess of $500,000.00 per annum during the relevant time periods.

17. Based upon information and belief, the annual gross revenue of Defendant GDS is in excess of $500,000.00 per annum during the relevant time periods.

18. At all times material to this action, Defendant CABOT had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce including oil and materials used in fracking operations.

19. At all times material to this action, Defendant GDS had two (2)

or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce including vehicles and construction equipment.

20. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

21. CABOT is an oil and natural gas production and exploration company, which operates throughout the United States, including in Pennsylvania.

22. GDS is proud to be a growing part of the community and the Cabot Oil & Gas team.

23. GDS supports the natural gas industry in northeast Pennsylvania with a full line of dirt construction, water hauling, trucking, and roustabout services.

24. GDS offers a competitive lineup of employee benefits and a state of the art safety bonus program to reward safety in the workplace.

25. GDS recently completed construction on a new office building located on Highway 29 in south Montrose and a newly renovated shop and maintenance facility located on Highway 706 just west of Montrose.

26. GDS receives direction from CABOT with respect to hiring decisions.

27. CABOT is currently the subject of a lawsuit, styled Case No. 3:19-cv-00308-MEM, *Messenger v. Cabot Oil & Gas Corp., et al.* (the "Messenger Action"). A copy of the Amended Complaint in that action is attached as Exhibit D.

28. The Messenger Action seeks unpaid overtime wages under the FLSA from *inter alia* CABOT, for work performed on CABOT well pads.

29. It is alleged in the Messenger Action that the named Plaintiff, opt-in plaintiffs, and putative collective members in the Messenger Action were all originally hired and scheduled by Carrie's Transport & Rental, LLC, owned by Herb Swiney.

30. Plaintiff is an opt-in plaintiff in the Messenger Action. Plaintiff filed a consent to join in that action on September 6, 2019.

31. Even before Plaintiff officially opted-in as a plaintiff in the Messenger Action, CABOT and GDS were aware that he was a putative collective member in the Messenger Action.

32. Even before Plaintiff officially opted-in to the Messenger Action, CABOT and GDS were aware that he was a witness in the Messenger Action.

33. Plaintiff planned, and plans, to testify in the Messenger Action.

34. Plaintiff sought work at GDS in August 2019.

35. Plaintiff was notified on August 28, 2019, that he would not be hired by GDS.

36. Plaintiff was further notified that the reason he would not be hired by GDS was solely because of his status as a putative collective member in the Messenger Action.

37. Plaintiff's request for work was denied solely because of a complaint to vindicate his right to overtime pay under the FLSA.

38. Specifically, Plaintiff was told:

> Unfortunately I found out the day after I talked to you that no one who worked for Herb is supposed to be on a Cabot location. Pretty much because of the lawsuit that's going on. I know you're a worker but I can't do anything to get you into gds.
> …
>
> Maybe once the lawsuit deal dies out it might be a possibility again. I wish I could get you in, believe me you'd be better than some of the guys we've been interviewing. Also turning a lot down for the same reasons.

39. Mr. Uronis has suffered unlawful retaliation under the FLSA both in the denial of his request for employment, and in CABOT's concerted effort to keep individuals affiliated with the Messenger Action from getting

work at all CABOT locations, in order to pressure and intimidate them into not participating or dropping their claims.

40. Defendants have discriminated and retaliated against Plaintiff for engaging in activity protected by 29 U.S.C. § 201 *et seq.* in violation of 29 U.S.C. §215(a)(3).

41. Defendants have discriminated against Plaintiff for the protected activity of the named Plaintiff in the Messenger Action, in violation of 29 U.S.C. §215(a)(3).

42. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has been damaged.

43. Based on statements made by GDS that they were "turning a lot down for the same reasons" it is clear that there are other similarly situated persons who are putative collective members in the Messenger Action, and have not been hired at GDS due to CABOT's directives regarding hiring at CABOT locations.

44. The putative collective Plaintiff seeks to represent in this matter are all individuals who were denied employment at GDS between February 22, 2019, and the present, who previously worked for Carrie's Transport & Rental, LLC on Cabot Oil & Gas Corp. well pads.

45. Plaintiff is entitled to an award of reasonable attorneys' fees and

costs pursuant to 29 U.S.C. §216(b).

## COUNT I
## RETALIATION IN VIOLATION OF §215(a)(3)

46. Plaintiff realleges and incorporate paragraphs 1 through 45 of the Complaint as if fully set forth herein.

47. GDS did not hire Plaintiff because of his status as a putative collective member in the Messenger Action, which seeks to vindicate rights under the FLSA.

48. GDS did not hire Plaintiff because of his status as a witness in the Messenger Action, an action to vindicate rights under the FLSA.

49. GDS did not hire Plaintiff because of an action instituted to vindicate rights under the FLSA.

50. GDS did not hire Plaintiff because CABOT instructed GDS that no putative collective members in the Messenger Action, whether or not they had opted into that action, could be employed on a CABOT site.

51. CABOT and GDS seek to punish, intimidate, and discriminate against people who have pursued, or they are concerned may testify or otherwise seek to pursue their rights under the FLSA.

52. In implying that people may be able to get jobs on CABOT well pads again "when the lawsuit dies down" Defendants CABOT and GDS

sought to chill participation in the Messenger Action.

53. It was unlawful for GDS to deny Plaintiff employment simply because of his status as a putative collective member in the Messenger Action.

54. Defendants has discriminated and retaliated against Plaintiff in violation of 29 U.S.C. §215(a)(3) by engaging in the actions described herein.

55. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has been damaged.

56. Likewise, other similarly situated individuals, who worked for Carrie's Transport & Rental, LLC, and were subsequently denied employment with GDS were also damaged by the policy described herein, which was equally applicable to all putative collective members in the Messenger Action who applied for work with GDS.

57. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff seeks a judgment against Defendants for violation of 29 U.S.C. §215(a)(3), as well as back pay, an equal amount in liquidated damages, front pay, compensatory damages, punitive damages, reasonable costs and attorneys' fees and all other equitable relief this Court deems just. Plaintiff further seeks certification of this action as a collective action, such that notice may issue to any persons who were denied

employment with GDS due to GDS' policy of not hiring individuals who may become plaintiffs in the Messenger Action.

Respectfully submitted this 9th day of September, 2019,

*/s/ Angeli Murthy*
Angeli Murthy, Esquire
PA Bar No.: 93699
MORGAN & MORGAN, P.A.
8151 Peters Rd., 4th Floor
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-327-3016
E-mail: Amurthy@forthepeople.com
*Trial Counsel for Plaintiff*